1   **FARUQI & FARUQI, LLP**
2   Lisa T. Omoto (State Bar No. 303830)
    *lomoto@faruqilaw.com*
3   1901 Avenue of the Stars, Suite 1060
    Los Angeles, California 90067
4   Telephone: (424) 256-2884
5   Facsimile: (424) 256-2885

6
    *Attorney for Plaintiff* FRANCY GRAHAM*,*
7   *individually and on behalf of all others*
    *similarly situated*
8
9   [*Additional counsel listed on following page*]

10
11              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
12

| | |
|---|---|
| 13  FRANCY GRAHAM, individually and on behalf of all others similarly situated, | CASE NO.: 2:25-cv-03561 |
| | **CLASS ACTION COMPLAINT** |
| 15                                    Plaintiff, | 1. Violation of California Consumers Legal Remedies Act |
| 16 | 2. Violation of California False Advertising Law |
| 17  vs. | 3. Violation of California Unfair Competition Law |
| 18  ANDROS FOODS USA, INC., a | 4. Breach of Express Warranty (Cal. Com. Code § 2313) |
| 19  corporation, | 5. Breach of Implied Warranty (Cal. Com. Code § 2314) |
| 20                                    Defendant. | 6. Intentional Misrepresentation |
| | **DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

**FARUQI & FARUQI, LLP**
Zachary M. Winkler
(*pro hac vice forthcoming*)
*zwinkler@faruqilaw.com*
1617 JFK Boulevard, Suite 1550
Philadelphia, PA 19103
Telephone: (215) 277-5771

CLASS ACTION COMPLAINT

## CLASS ACTION COMPLAINT

Plaintiff Francy Graham, individually and on behalf of all others similarly situated ("Plaintiff"), brings this class action against Andros Foods USA, Inc. ("Andros" or "Defendant"), seeking monetary damages, injunctive relief, and other remedies. Plaintiff makes the following allegations based on the investigation of her counsel and on information and belief, except as to allegations pertaining to Plaintiff individually, which are based on her personal knowledge.

## INTRODUCTION

1.    This case centers around the deceptive marketing and sale of Defendant's Bonne Maman brand preserves and jellies.

2.    Specifically, the products at issue are Bonne Maman preserves and jellies of the following flavors, in all sizes: Bonne Maman Wild Blueberry Preserves; Bonne Maman Cherry Preserves; Bonne Maman Raspberry Preserves; Bonne Maman Mixed Berries Preserves; Bonne Maman Peach Preserves; Bonne Maman Strawberry Preserves; Bonne Maman Muscat Grape Jelly (collectively, the "Products").

3.    Through its labeling, packaging, and advertising, Andros intentionally misleads consumers into believing that all Bonne Maman preserves and jellies, including the Products, are exclusively made in France. Specifically, the entire brand is named "Bonne Maman" – translating to, "good mommy" in French, and used colloquially to mean "Grandmother" or "Granny" – and each Bonne Maman product is enclosed with a "Vichy print" lid[1] (together, the *French Representations*").

---

[1] The check pattern featured on the lid of each Product is known globally as "Vichy check." The pattern was first mass produced in Vichy, France during the reign of Napoleon Bonaparte. Laura Tortora, *Vichy checks and the story behind the eternal summer print*, Vogue Mexico & Latin America, July 1, 2022, www.vogue.mx/moda/articulo/cuadros-vichy-historia-del-estampado-de-moda-del-verano (last accessed April 22, 2025) (translated into English from the original Spanish).

4.    Indicative of the importance and perception of the *French Representations*, the Products are shelved at World Market alongside French-made Bonne Maman preserves, with a sign indicating all Bonne Maman preserves are made in France.



5.    Indeed, in press releases, Bonne Maman touts itself as "the #1 premium preserves brand in the U.S." and describes its products as "[p]roduced in France[.]"[2]

6.    Contrary to the *French Representations*, and unbeknownst to consumers, the Products are not exclusively made in France but are instead sometimes made in Belgium. Defendant does not affirmatively indicate that only some of its preserves and jellies are made in France.

7.    Plaintiff and other consumers purchased the Products because they reasonably believed, based on the *French Representations*, that the Products are exclusively made in France. Had Plaintiff and other consumers known that the Products are not exclusively made in France, they would not have purchased them

---

[2] https://www.businesswire.com/news/home/20230329005720/en/Premium-Preserves-Brand-Bonne-Maman-Launches-NEW-Hazelnut-Chocolate-Spread (last accessed April 22, 2025).

CLASS ACTION COMPLAINT

1  or would have paid significantly less for them. As a result, Plaintiff and other
2  consumers have been deceived and have suffered economic injury.

3  8.  Plaintiff seeks relief in this action individually, and on behalf of all
4  other similarly situated individuals who purchased the deceptively labeled Products
5  during the statute of limitations period, for violations of California's Consumers
6  Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*, California's False Advertising
7  Law, Cal. Bus. & Prof. Code § 17500, *et seq.*, California's Unfair Competition Law,
8  Cal. Bus. & Prof. Code § 17200, breach of express and implied warranty (Cal. Com.
9  Code §§ 2313-2314), and intentional misrepresentation (i.e., common law fraud).

10  9.  Plaintiff, on behalf herself and other similarly situated consumers,
11  seeks damages, restitution, declaratory and injunctive relief, and all other remedies
12  provided by applicable law or that this Court deems appropriate.

13  **<u>JURISDICTION AND VENUE</u>**

14  10.  This Court has subject matter jurisdiction pursuant to the Class Action
15  Fairness Act of 2005, 28 U.S.C. § 1332(d)(2). The matter in controversy, exclusive
16  of interest and costs, exceeds the sum or value of $5,000,000, and there is diversity
17  of citizenship between some members of the proposed Classes and Andros.

18  11.  This Court has personal jurisdiction over Defendant because Andros
19  has sufficient minimum contacts with the State of California, and/or otherwise
20  intentionally avails itself of the markets in the State of California through the
21  promotion, marketing, and sale of the Products in this State to render the exercise of
22  jurisdiction by this Court permissible under traditional notions of fair play and
23  substantial justice.

24  12.  Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a
25  substantial part of the events or omissions giving rise to the claims occurred in this
26  District.

27
28

CLASS ACTION COMPLAINT

## PARTIES

### Plaintiff

13.    Plaintiff Francy Graham is a citizen of the United States and the State of California, and currently resides in the County of Los Angeles. Plaintiff Graham purchased the Bonne Maman Wild Blueberry Preserves and Bonne Maman Raspberry Preserves in or around July 2024 at Whole Foods Market in Los Angeles, California.

14.    When purchasing the Products, Plaintiff Graham saw and relied on the *French Representations*. Based on these representations, Plaintiff reasonably believed that she was purchasing preserves that are exclusively made in France. However, unbeknownst to Plaintiff Graham, the Products are not exclusively made in France, but are also made in Belgium. Plaintiff Graham would not have purchased the Products or would have paid significantly less for them had she known that they are not exclusively made in France. Therefore, Plaintiff Graham suffered injury in fact, and lost money as a result of Andros's misleading, unfair, and fraudulent practices, as described herein.

15.    Despite being misled by Andros, Plaintiff wishes and is likely to continue purchasing the Products if they are, in fact, made exclusively in France. Although Plaintiff regularly visits stores where the Products are sold, because she was deceived in the past by Andros, absent an injunction, she will be unable to rely with confidence on Andros's representations in the future and will therefore abstain from purchasing the Products, even though she would like to purchase them. This is a tangible and ongoing harm to Plaintiff that cannot be rectified absent an injunction.

### Defendant

16.    Defendant Andros Foods USA, Inc. is a Delaware corporation with its principal place of business in New Jersey. It is a privately held corporation which markets and distributes many popular food brands, such as Buddy Fruits, Reese, and the brand at issue here, Bonne Maman.

4
CLASS ACTION COMPLAINT

1

**FACTUAL ALLEGATIONS**

2    **A.    Background**

3        17.    The Products at issue in this action include, but are not limited to, the

4    following products:

5                a.  Bonne Maman Cherry Preserves;

6                b.  Bonne Maman Mixed Berries Preserves;

7                c.  Bonne Maman Muscat Grape Jelly;

8                d.  Bonne Maman Peach Preserves;

9                e.  Bonne Maman Raspberry Preserves;

10               f.  Bonne Maman Strawberry Preserves; and

11               g.  Bonne Maman Wild Blueberry Preserves.

12       18.    At all relevant times, the Products were marketed and distributed in the

13   United States by Andros.

14       19.    At all relevant times, Andros has distributed and sold the Products in

15   the State of California and throughout the rest of the United States. The Products are

16   sold in specialty and gourmet foods stores such as World Market, independent

17   grocery stores, and major retailers and grocery chains such as Amazon.com,

18   Walmart, Target, Whole Foods, and Safeway.

19       20.    At all relevant times, some of the Products have been made in a factory

20   located in Floreffe, Belgium which is owned and operated by Materne-Confilux, a

21   division of Andros.[3]

22       21.    Materne-Confilux makes "jams, compotes, fruit snacks, fruits for the

23   food industry[,]" including "products for Private Label, Co-Packing and B2B

24   clients." Such mass production and distribution through numerous brands and

25

26   [3] Fevia, *Materne-Confilux*, Food.be—Small country. Great food. (Jan. 23, 2025),

27   https://www.food.be/companies/materne-confilux (last accessed April 22, 2025).

28

channels contradicts Bonne Maman's statement that its Products are "carefully prepared with traditional expertise to create the memorable taste of Bonne Maman."[4]

**B.** **The Labeling And Packaging Of The Products Are Deceptive And Misleading**

22.    The labeling and packaging of the Products are deceptive and misleading to reasonable consumers, including Plaintiff and Class members.

23.    As depicted in the images below, in order to create the impression that the Products are made exclusively in France, ***all*** of the Products bear the "Bonne Maman" brand name, which literally translates from French to "good mom" and is used colloquially to mean "Grandmother" or "Granny."

24.    Andros intentionally reinforces the perception that the Products are exclusively made in France by uniformly packaging the Products with its "Vichy print" lid. The "Vichy print" is so central to the Bonne Maman brand that Andros has engaged in trademark litigation when other jam and preserve companies have used a similar pattern on their lids.

25.    Further, at all relevant times, the Products were marketed or shelved with additional information to further reinforce the *French Representations*, as shown below.

---

[4] *Compare* Fevia, *Materne-Confilux*, Food.be—Small country. Great food., https://www.food.be/companies/materne-confilux (last accessed April 22, 2025) *with* Bonne Maman, *Our Story*, Bonne Maman, https://bonnemaman.us/pages/our-story (last accessed April 22, 2025).

1
2
3
4
5
6
7
8
9



10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



7

CLASS ACTION COMPLAINT

26.     Consumers purchasing the Products reasonably believe, based on the *French Representations*, that the Products are made in France.

27.     Andros deceptively advertises the Products in order to exploit strong consumer sentiment for French-made goods. Consumers like the idea of buying products from France because they are typically associated with high-end ingredients, especially fruit.

**C.     <u>Geographic Origin Is Material To Consumers</u>**

28.     The French-brand image in the context of marketing and consumer purchasing decisions is extremely powerful. Consumers purchase items, and are willing to pay more for items, because they are from France.

29.     Andros is acutely aware that Class members value French products and are willing to purchase and/or pay more for such products because they are made in France.

30.     Consumers frequently associate French foods with "quality" and "joy," as compared to foods from other countries.[5] Businesses are well-aware of the positive associations that consumers have with the French countryside, where Andros represents its Bonne Maman Products are exclusively made.[6] For example,

---

[5] Paul Rozin, et. al., *Broad themes of difference between French and Americans in attitudes to food and other life domains: personal versus communal values, quantity versus quality, and comforts versus joys*, 2 Frontiers in Psychology 177:1 (2011) (https://www.frontiersin.org/journals/psychology/articles/10.3389/fpsyg.2011.00177/full) (last accessed April 22, 2025).

[6] Adam Sage, *Cashing in on rural France? That's terroir-washing, firms told*, The Times, Oct. 30, 2024, https://www.thetimes.com/world/europe/article/cashing-in-on-rural-france-thats-terroir-washing-firms-told-fhxzt3fcz (last accessed April 22, 2025).

CLASS ACTION COMPLAINT

"French culinary products have long been associated with luxury, tradition, and authenticity in the American market."[7]

31.     The positive associations that consumers have with French-made products are well known within the food industry and form the basis of many marketing decisions. "For example, French-sounding brand names and 'Made in France' labels are congruently associated with hedonic perceptions and should influence the product evaluations favorably. However, French-sounding brand names and 'Made in USA' label would be incongruent and should lead to less cohesive brand image and influence the product evaluations negatively."[8]

32.     Indeed, when Defendant faced an Office Action from the United States Patent and Trademark Office related to the name "Bonne Maman" and the risk of brand confusion with another trademark holder, Defendant argued that "[i]t is well known that French language terms" such as "Bonne Maman" conveys a level of "sophistication" to the average American consumer."[9]

33.     Country-of-origin for consumer goods is well-understood as a "quality cue," spurring consumers to purchase a certain product based on their perception of the stated country-of-origin and its "fit" or "match" to the product category, since

---

[7] Lara Bataille, *The rise of French flavors: strategies and challenges in the American market*, Bataille Insights, https://www.batailleinsights.com/blog/the-rise-of-french-flavors-strategies-and-challenges-in-the-american-market (last accessed April 22, 2025).

[8] Durairaj Maheswaran & Cathy Chen Yi, *Nation Equity: Country-of-Origin Effects and Globalization* (2008) (citing France Leclerc, Bernd H. Schmitt, & Laurette Dubé, *Foreign Branding and Its Effects on Product Perceptions and Attitudes*, 31 Journal of Marketing Research 263-270 (1994)).

[9] BONNE MAMAN, Registration No. 1,308,179, *Ltr. from Martin Smolowitz, Esq. to USPTO, In the matter of Application No. 217,041*, Dec. 3, 1982, https://tsdr.uspto.gov/documentviewer?caseId=sn73217041&docId=UNC2008052 3085035&linkId=11#docIndex=11&page=64 (last accessed Apr. 22, 2025).

"[t]he country image can leverage attributes to the brand, acting as an external cue about product quality."[10]

34.    For example, research indicates that American consumers have a sincere preference for French wine and will pay price premia based solely on the country of origin, regardless of other factors.[11, 12]

35.    The same is true of other foods. For example, U.S. consumers are presently paying 9-fold price premia for imported French flour to bake bread based on the country-of-origin effect.[13]

36.    Andros's marketing model for the Products is designed to exploit this sentiment in order to maximize profits at the expense of deceived consumers, from the brand name and packaging to how it is shelved and sold in stores.

**D.    <u>Plaintiff And Class Members Were Harmed</u>**

37.    Plaintiff and the Class members purchased the Products relying on the *French Representations*, reasonably believing that the Products were made exclusively in France. Their reasonable beliefs that the Products were made

---

[10] C. Adina, C. Gabriela, S. Roxana-Denisa, *Country-of-Origin Effects on Perceived Brand Positioning*, presented at the Second Global Conference on Business, Economics, Management, and Tourism, Prague, Czech Republic (Oct. 30-31, 2014).

[11] L. Lourenço-Gomes, T. Gonçalves, J. Rebelo, *The distributors' view on US wine consumer preferences. A discrete choice experiment*., 10 Bio-based and Applied Economics 325 (Mar. 2022).

[12] E. Brooks, *Products and Prejudice: Measuring Country-of-Origin Bias in U.S. Wine Imports*, UC Santa Cruz: Santa Cruz Center for International Economics (2003).

[13] D. Chazan, *As France breaks less bread, the US develops a taste for its flour*, The Times, Jan. 17, 2025, https://www.thetimes.com/world/europe/article/as-france-breaks-less-bread-the-us-develops-a-taste-for-its-flour-qq3l8x9rh (last accessed April 22, 2025).

exclusively in France was a significant factor in each of their decisions to purchase the Products.

38.    Plaintiff and the Class members did not know, and had no reason to know, that the Products were not exclusively made in France because the Products are deceptively labeled and advertised to create the impression that they are made exclusively in France, and Andros does not affirmatively disclose that its Products are also made in Belgium.

39.    Andros knew or should have known that Plaintiff and Class members did and would rely on the labeling, packaging and advertising of the Products in purchasing them, and would reasonably believe that the Products were made exclusively in France.

40.    Because the Products are not made exclusively in France, as advertised and reasonably expected by Plaintiff and other consumers, Andros's labeling of the Products was and continues to be deceptive and misleading.

41.    Each Class member has been exposed to the same or substantially similar deceptive practice, as each of the Products contains the *French Representations* but is not exclusively made in France.

42.    Plaintiff and other consumers have paid a premium for the Products. They would not have purchased the Products, or would have paid significantly less, had they known that they were not exclusively made in France, but were also made in a factory in Belgium. Therefore, Plaintiff and other consumers suffered injury in fact, and lost money as a result of Andros's misleading, unfair, and fraudulent practices, as described herein.

43.    As a result of its misleading business practices, and the harm caused to Plaintiff and other consumers, Andros should be enjoined from deceptively representing that the Products are exclusively made in France. Furthermore, Andros should be required to pay for all damages caused to misled consumers, including Plaintiff.

**CLASS ACTION ALLEGATIONS**

44.    Plaintiff brings this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of all members of the following Classes:

**California Class**

All persons, who, within the relevant statute of limitations period, purchased any of the Products, in the State of California.

**California Consumer Subclass**

All persons, who, within the relevant statute of limitations period, purchased any of the Products for personal, family, or household purposes, in the State of California.

45.    Excluded from the Classes are the following individuals and/or entities: Andros and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Andros has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

46.    Plaintiff reserves the right to modify or amend the definition of the proposed Classes after having had an opportunity to conduct discovery.

47.    Plaintiff Graham is a member of the California Class and California Consumer Subclass.

48.    Numerosity: The proposed Classes are so numerous that joinder of all members would be impractical. The Products are sold throughout California and the rest of the United States at grocery chains, specialty food stores, and large retail outlets including, but not limited to, Amazon.com, Walmart, Target, Whole Foods, Safeway, etc. The number of individuals who purchased the Products in California during the relevant time period is at least in the thousands. Accordingly, Class members are so numerous that their individual joinder herein is impractical. While

12

the precise number of Class members and their identities are unknown to Plaintiff at this time, these Class members are identifiable and ascertainable through proof of purchase and other records.

49.    <u>Common Questions Predominate:</u> There are questions of law and fact common to the proposed Classes that will drive the resolution of this action and will predominate over questions affecting only individual Class members. These questions include, but are not limited to, the following:

a.    Whether Andros misrepresented material facts and/or failed to disclose material facts in connection with the labeling, packaging, marketing, distribution, and sale of the Products;

b.    Whether Andros's use of deceptive packaging and advertising constituted misleading or deceptive advertising;

c.    Whether Andros engaged in unfair, unlawful and/or fraudulent business practices;

d.    Whether Andros's unlawful conduct, as alleged herein, was intentional and knowing;

e.    Whether Plaintiff and members of the Classes are entitled to damages and/or restitution, and in what amount;

f.    Whether Andros is likely to continue using deceptive, misleading or unlawful conduct such that an injunction is necessary; and

g.    Whether Plaintiff and members of the Classes are entitled to an award of reasonable attorneys' fees, interest, and costs of suit.

50.    Andros engaged in a common course of conduct giving rise to violations of the legal rights sought to be enforced uniformly by Plaintiff and Class members. Similar or identical statutory and common law violations, business practices, and injuries are involved. The injuries sustained by members of the proposed Classes flow, in each instance, from a common nucleus of operative fact, namely, Andros's deceptive packaging and advertising of the Products. Each

13

instance of harm suffered by Plaintiff and Class members has directly resulted from a single course of illegal conduct. Therefore, individual questions, if any, pale in comparison to the numerous common questions presented in this action.

51.    <u>Superiority</u>: Because of the relatively small size of the individual Class members' claims, no Class member could afford to seek legal redress on an individual basis. Furthermore, individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. A class action is superior to any alternative means of prosecution.

52.    <u>Typicality</u>: The representative Plaintiff's claims are typical of those of the proposed Classes, as all members of the proposed Classes are similarly affected by Andros's uniform unlawful conduct as alleged herein.

53.    <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the proposed Classes as her interests do not conflict with the interests of the members of the proposed Classes she seeks to represent, and she has retained counsel competent and experienced in class action litigation. The interests of the members of the Classes will be fairly and adequately protected by the Plaintiff and her counsel.

54.    This lawsuit is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because Andros acted, or failed to act, on grounds generally applicable to Plaintiff and the proposed Classes, supporting the imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes.

**FIRST CLAIM FOR RELIEF**
**Violation of California's Consumers Legal Remedies Act ("CLRA"),**
**California Civil Code § 1750, *et seq.***
**(*For the California Consumer Subclass*)**

55.    Plaintiff Graham repeats the allegations contained in paragraphs 1-43 above as if fully set forth herein.

56.    Plaintiff Graham brings this claim individually and on behalf of the members of the California Consumer Subclass against Andros.

57.    The Products are "goods" within the meaning of Cal. Civ. Code § 1761(a), and the purchases of such Products by Plaintiff Graham and members of the California Consumer Subclass constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

58.    Cal. Civ. Code § 1770(a)(2) prohibits "misrepresenting the source, sponsorship, approval, or certification of goods or services." By marketing the Products with their current packaging, Andros has represented and continues to represent that the Products are made exclusively France, when they are not. Therefore, Andros has violated section 1770(a)(2) of the CLRA.

59.    Cal. Civ. Code § 1770(a)(4) prohibits "using deceptive representations or designations of geographical origin in connection with goods or services." By marketing the Products with their current packaging, Andros has used deceptive representations and designations of the Products' exclusive geographical origin (France). Therefore, Andros has violated section 1770(a)(4) of the CLRA.

60.    Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . . ." By marketing the Products with their current packaging, Andros has represented and continues to represent that the Products have characteristics (exclusively made in France) which they do not have. Therefore, Andros has violated section 1770(a)(5) of the CLRA.

61.    Cal. Civ. Code § 1770(a)(7) prohibits "[r]espresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By marketing the Products with their current packaging, Andros has represented and continues to represent that the Products are exclusively made in France when they are also made in Belgium. Therefore, Andros has violated section 1770(a)(7) of the CLRA.

62.    Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By packaging and marketing the Products as being exclusively made in France, and then intentionally not selling the products as such, Andros has violated section 1770(a)(9) of the CLRA.

63.    At all relevant times, Andros has known or reasonably should have known that the Products are not exclusively made in France, but instead are also made in Belgium, and that Plaintiff Graham and other members of the California Consumer Subclass would reasonably and justifiably rely on the packaging in purchasing the products.

64.    Plaintiff Graham and members of the California Consumer Subclass have reasonably and justifiably relied on Andros's misleading and fraudulent conduct when purchasing the Products. Moreover, based on the materiality of Andros's fraudulent and misleading conduct, reliance on such conduct as a material reason for the decision to purchase the Products may be presumed or inferred for Plaintiff Graham and members of California Consumer Subclass.

65.    Plaintiff Graham and members of the California Consumer Subclass have suffered and continue to suffer injuries caused by Andros because they would not have purchased Products or would have paid significantly less for the Products had they known that Andros's conduct was misleading and fraudulent – i.e., that the Products are not exclusively made in France.

66.    Under Cal. Civ. Code § 1780(a), Plaintiff Graham and members of the California Consumer Subclass are seeking injunctive relief pursuant to the CLRA, preventing Andros from continuing to engage in the wrongful acts and unfair and unlawful business practices described herein, as well as restitution, disgorgement of profits, and any other relief this Court deems proper.

67.    Pursuant to Cal. Civ. Code § 1782, on November 5, 2024, counsel for Plaintiff Graham mailed a notice and demand letter by certified mail, with return receipt requested, to Andros. Andros received the notice and demand letter on

November 12, 2024. Because Andros has failed to fully rectify or remedy the damages caused after waiting more than the statutorily required 30 days after it received the notice and demand letter, Plaintiff Graham is timely filing this Complaint for damages pursuant to the CLRA.

**SECOND CLAIM FOR RELIEF**
**Violation of California's Unfair Competition Law ("UCL"),**
**California Business & Professions Code § 17200,** *et seq.*
**(*For the Classes*)**

68.    Plaintiff Graham repeats the allegations contained in paragraphs 1-43 above as if fully set forth herein.

69.    Plaintiff Graham brings this claim individually and on behalf of the members of the Classes against Andros.

70.    California Business & Professions Code § 17200 (the "UCL") provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . . ."

71.    Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law.

72.    Andros's misleading advertising of the Products was and continues to be "unlawful" because it violates the CLRA, California's False Advertising Law ("FAL"), and other applicable laws as described herein. As a result of Andros's unlawful business acts and practices, Andros has unlawfully obtained money from Plaintiff Graham and members of the Classes in the form of money that Plaintiff Graham and other California Class members would not have paid but for Andros's deceptive representations that the Products are made exclusively in France when they are not.

73.    Under the UCL, a business act or practice is "unfair" if the defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing

17
CLASS ACTION COMPLAINT

1 such acts or practices are outweighed by the gravity of the harm to the alleged
2 victims.

3      74.    Andros's conduct was and continues to be of no benefit to purchasers
4 of the Products, as it is misleading, unfair, unlawful, and is injurious to consumers
5 who rely on the Products' packaging in making purchasing decisions. Misleading
6 consumers about the geographic origin of the Products is of no benefit to consumers.
7 Therefore, Andros's conduct was and continues to be "unfair." As a result of
8 Andros's unfair business acts and practices, Andros has and continues to unfairly
9 obtain money from Plaintiff Graham and members of the Classes in the form of
10 money that Plaintiff Graham and other Class members would not have paid but for
11 Andros's deceptive representations that the Products are made exclusively in France
12 when they are not.

13     75.    Under the UCL, a business act or practice is "fraudulent" if it actually
14 deceives or is likely to deceive members of the consuming public.

15     76.    Andros's conduct was and continues to be fraudulent because it has the
16 effect of deceiving consumers into believing that the Products are made exclusively
17 in France, when they are not. Because Defendant deceived Plaintiff Graham and
18 members of the Classes, Andros's conduct was "fraudulent." As a result of Andros's
19 fraudulent business acts and practices, Andros has and continues to wrongly obtain
20 money from Plaintiff Graham and members of the Classes in the form of money that
21 Plaintiff Graham and other Class members would not have paid but for Andros's
22 deceptive representations that the Products are made exclusively in France when
23 they are not.

24     77.    Plaintiff Graham requests that this Court cause Andros to restore this
25 unlawfully, unfairly, and fraudulently obtained money to her and members of the
26 Classes, to disgorge the profits Andros made on these transactions, and to enjoin
27 Andros from violating the UCL or violating it in the same fashion in the future as

28

1  discussed herein. Otherwise, Plaintiff Graham and members of the Classes may be

2  irreparably harmed and/or denied an effective and complete remedy.

3  **THIRD CLAIM FOR RELIEF**

4  **Violation of California's False Advertising Law ("California FAL"),**
   **California Business & Professions Code § 17500***, et seq.*

5  (***For the Classes***)

6      78.    Plaintiff Graham repeats the allegations contained in paragraphs 1-43

7  above as if fully set forth herein.

8      79.    Plaintiff Graham brings this claim individually and on behalf of the

9  members of the Classes against Andros.

10      80.    California's FAL makes it "unlawful for any person to make or

11  disseminate or cause to be made or disseminated before the public . . . in any

12  advertising device . . . or in any other manner or means whatever, including over the

13  Internet, any statement, concerning . . . personal property or services professional or

14  otherwise, or performance or disposition thereof, which is untrue or misleading and

15  which is known, or which by the exercise of reasonable care should be known, to be

16  untrue or misleading." Cal. Bus. & Prof. Code § 17500.

17      81.    Andros has represented and continues to represent to the public,

18  including Plaintiff Graham and members of the Classes, through deceptive

19  packaging, that the Products are made exclusively in France when they are not.

20  Because Andros has disseminated misleading information regarding the Products,

21  and Andros knows, knew, or should have known through the exercise of reasonable

22  care that the representations were and continue to be misleading, Andros has violated

23  California's FAL.

24      82.    As a result of Andros's false advertising, Andros has and continues to

25  fraudulently obtain money from Plaintiff Graham and members of the Classes in the

26  form of money that Plaintiff Graham and other Class members would not have paid

27  but for Andros's deceptive representations that the Products are exclusively made in

28  France.

83.    Plaintiff Graham requests that this Court cause Andros to restore this fraudulently obtained money to her and members of the Classes, to disgorge the profits Andros made on these transactions, and to enjoin Andros from violating California's FAL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff Graham and members of the Classes may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**FOURTH CLAIM FOR RELIEF**
**Intentional Misrepresentation**
***(For the Classes)***

84.    Plaintiff repeats the allegations contained in paragraphs 1-43 above as if fully set forth herein.

85.    Plaintiff brings this claim individually and on behalf of the members of the Classes against Andros.

86.    Andros has willfully, falsely, or knowingly packaged and marketed the Products with representations that the Products are made exclusively in France when they are not. Therefore, Andros has made misrepresentations as to the Products.

87.    Andros's misrepresentations are and were material (i.e., the type of misrepresentations to which a reasonable person would attach importance and would be induced to act thereon in making purchase decisions) because they relate to the characteristics of the Products and their geographic origin, and this information is important to consumer purchasing decisions, including the decision of Plaintiff and Class members to purchase the Products.

88.    As the company responsible for manufacturing the Products, Andros knew or recklessly disregarded the fact that the Products are not exclusively made in France.

89.    Andros intends that Plaintiff and other consumers rely on the *French Representations*, as evidenced by Andros's intentionally and conspicuously including the *French Representations* on all of its Bonne Maman products. This can

1  also be seen in Andros's marketing campaign. In the alternative, Andros acted

2  recklessly in making the *French Representations* without regard to the truth.

3       90.    Plaintiff and members of the Classes have reasonably and justifiably

4  relied on Andros's misrepresentations when purchasing the Products, and had the

5  correct facts been known, would not have purchased the Products or would not have

6  purchased them at the prices at which they were offered.

7       91.    Therefore, as a direct and proximate result of Andros's intentional

8  misrepresentations, Plaintiff and members of the Classes have suffered economic

9  losses and other general and specific damages, including but not limited to the

10  amounts overpaid for the Products, and any interest that would have accrued on those

11  monies, all in an amount to be proven at trial.

### FIFTH CLAIM FOR RELIEF
### Negligent Misrepresentation
**(*For the Classes*)**

14       92.    Plaintiff repeats the allegations contained in paragraphs 1-43 above as

15  if fully set forth herein.

16       93.    Plaintiff brings this claim individually and on behalf of the members of

17  the Classes against Andros.

18       94.    Andros marketed the Products in a manner indicating that the Products

19  were made exclusively in France when they are not. Therefore, Andros has made

20  misrepresentations as to the Products.

21       95.    Andros's misrepresentations regarding the Products are material to a

22  reasonable consumer because they relate to the characteristics of the products and

23  their geographic origin. A reasonable consumer would attach importance to such

24  representations and would be induced to act thereon in making purchase decisions.

25       96.    At all relevant times, Andros knew or has been negligent in not

26  knowing that that the Products were not exclusively made in France. Andros had no

27  reasonable grounds for believing that its representations were true and not

28  misleading.

97.     Andros intends that Plaintiff and other consumers rely on the *French Representations*, as evidenced by Andros's intentionally and conspicuously including the *French Representations* on all of its Bonne Maman products. This can also be seen in Andros's marketing campaign.

98.     Plaintiff and members of the California Class have reasonably and justifiably relied on Andros's negligent misrepresentations when purchasing the Products, and had the correct facts been known, would not have purchased the Products or would not have purchased them at the prices at which they were offered.

99.     Therefore, as a direct and proximate result of Andros's negligent misrepresentations, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

### SIXTH CLAIM FOR RELIEF
#### Quasi Contract/Unjust Enrichment/Restitution
**(*For the Classes*)**

100.    Plaintiff repeats the allegations contained in paragraphs 1-43 above as if fully set forth herein.

101.    Plaintiff brings this claim individually and on behalf of the members of the Classes against Andros.

102.    As alleged herein, Andros has intentionally and recklessly made misleading representations to Plaintiff and members of the Classes to induce them to purchase the Products. Plaintiff and members of the Classes have reasonably relied on the misleading representations and have not received all of the benefits promised by Andros. Plaintiff and members of the Classes therefore have been induced by Andros's misleading representations to purchase the Products, and paid more money to Andros than they would and/or should have paid.

103.   Plaintiff and members of the Classes have conferred a benefit upon Andros as Andros has retained monies paid to it by Plaintiff and members of the Classes.

104.   The monies received were obtained under circumstances that were at the expense of Plaintiff and members of the Classes—i.e., Plaintiff and members of the Classes did not receive the full value of the benefit.

105.   Therefore, it is inequitable and unjust for Andros to retain the profit, benefits, or compensation conferred upon it without paying Plaintiff and members of the Classes back for the difference of the full value of the benefits compared to the value actually received.

106.   As a direct and proximate result of Andros's unjust enrichment, Plaintiff and members of the Classes are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Andros from its deceptive, misleading, and unlawful conduct as alleged herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Classes, respectfully prays for the following relief:

A.   Certification of this case as a class action on behalf of the Classes defined above, appointment of Plaintiff as Class representative, and appointment of her counsel as Class counsel;

B.   A declaration that Andros's actions, as described herein, violate the laws and claims described herein;

C.   An award of injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Classes, including, *inter alia*, an order prohibiting Andros from engaging in the unlawful acts described above;

D.   An award to Plaintiff and the proposed Classes of restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of

1  all profits and unjust enrichment that Andros obtained from Plaintiff and the

2  proposed Classes as a result of its unlawful, unfair and fraudulent business practices

3  described herein;

4      E.     An award of all economic, monetary, actual, consequential, and

5  compensatory damages caused by Andros's conduct;

6      F.     An award of punitive damages;

7      G.     An award to Plaintiff and their counsel of their reasonable expenses and

8  attorneys' fees;

9      H.     An award to Plaintiff and the proposed Classes of pre- and post-

10  judgment interest, to the extent allowable; and

11      I.     For such further relief that the Court may deem just and proper.

12                    **<u>DEMAND FOR JURY TRIAL</u>**

13      Plaintiff, on behalf of herself and the proposed Classes, hereby demands a

14  trial by jury on all claims so triable.

15  Date: April 22, 2025          Respectfully submitted,

16                               **FARUQI & FARUQI, LLP**

17                               By: */s/ Lisa T. Omoto*

18                                    Lisa T. Omoto (SBN 303830)

19                                    *lomoto@faruqilaw.com*
                                      1901 Avenue of the Stars, Suite 1060

20                                    Los Angeles, California 90067

21                                    Telephone: (424) 256-2884
                                      Facsimile: (424) 256-2885

22

23                               **FARUQI & FARUQI, LLP**
                                      Zachary M. Winkler

24                                    (*pro hac vice forthcoming*)

25                                    *zwinkler@faruqilaw.com*
                                      1617 JFK Boulevard, Suite 1550

26                                    Philadelphia, PA 19103
                                      Telephone: (215) 277-5771

27

28                                    *Attorneys for Plaintiff and the Putative Classes*

24
CLASS ACTION COMPLAINT

**<u>CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)</u>**

I, Francy Graham, declare as follows:

1.      I am a Plaintiff in this action and a citizen of the State of California. I have personal knowledge of the facts stated herein and, if called as a witness, I could testify competently thereto.

2.      This Class Action Complaint is filed in the proper place of trial because the transaction giving rise to my claims, i.e., purchase of Bonne Maman Products, occurred in this district.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, executed on _____ at Los Angeles, California.


*Francy Graham*
<u>Francy Graham (Apr 22, 2025 10:53 PDT)</u>
Francy Graham

CLRA VENUE DECLARATION